(No. 1896—

MATTIE L. BUCHOLZ, ADMINISTRATRIX OF THE ESTATE OF HENRY G. BUCHOLZ, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

WALTER J. MILLER AND WALTER J. WENGER, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for the State.

Mr. JUSTICE VAUSE delivered the opinion of the court:

This is a claim filed by Mattie L. Buchholz, Administratrix of the estate of her deceased husband, Henry G. Buchholz, seeking to recover Twenty Thousand Dollars ($20,000.00) damages on account of the death of her husband on October 19, 1931, resulting from personal injuries received October 14, 1931, when a Lincoln automobile deceased was driving left the pavement and collided with a concrete culvert at the side of the road. The accident occurred on the evening of October 14, 1931 about 6:20 p. m., while deceased alone was driving a Lincoln Sedan southeast on State Bond Issue Route No. 60, known as Rand Road, in DuPage County, Illinois, and about 185 feet southeast of the intersection of this road as what is known as the Arlington Heights Road.

According to the testimony Arlington Heights Road runs about north and south and Rand Road intersects it from a northwesterly to a southeasterly direction to one approaching toward the city of Chicago. Deceased was driving southeast on Rand Road approaching the intersection with Arlington Heights Road and while the evidence is not clear it can be reasonably inferred therefrom that a car approaching this same intersection from deceased's right travelling north along Arlington Heights Road turned to the left in this intersection ahead of and across the line of deceased's approach for the purpose of turning to the northwest along Rand Road. Following this deceased crossed the intersection, proceeded along Rand Road but ran off of the pavement on the left hand side and into a ditch and crashed against a headwall of the concrete culvert located on the left hand side of Rand Road and at a point about 185 feet southeast of the intersection.

As a result of his injuries received, deceased developed traumatic pneumonia and died. Both the Rand Road and the Arlington Heights Road were owned and controlled by the State of Illinois. Claimant's declaration counts upon a

negligent failure on the part of the State of Illinois to erect traffic signs or signals indicating a curve in Rand Road at or near this intersection, by reason of which negligence, claimant's intestate was injured and from which injury he died. Considerable testimony appears in the record to show the condition and manner of construction of the road in question at this intersection and to show that there was a curve in the road known as Rand Road which was not indicated by warning signals.

In the opinion of the court, however, it is not necessary to discuss at length the circumstances surrounding the death of claimant's intestate as shown by the record. As previously stated, the record discloses that the Rand Road, of which complaint is made as to the method of construction and maintenance was built by and is owned and controlled by the State of Illinois. In the construction and maintenance of its roads, the State acts in the governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. Such has been the settled decision of this court for many years. *Morrissey* vs. *State of Illinois,* 2 Court of Claims Reports, 454; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549.

The General Assembly has never enacted a law making the State liable for damages caused by the negligent construction or maintenance of a public road and this court has no power to make an award for such damages in the absence of such a statute. *Chumbler* vs. *State of Illinois,* 6 Court of Claims Reports, 138.

The claim is denied and the cause dismissed.